The contract was dated 4 February, 1801, and immediately thereafter Linch took possession of the land, and continues still to reside there.
In 1804 the Fishers instituted a suit against Gibson, which (677) they afterwards dismissed, and an execution for the costs issued against them, which was levied by the sheriff of Guilford upon the land aforesaid, which he duly sold on 15 February, 1806, to Gibson, *Page 483 
who, receiving a conveyance, instituted an ejectment against Linch. The latter then filed a bill in equity against Gibson and the Fishers, praying an injunction against Gibson to stay his proceedings at law, offering to repay him the money advanced in the purchase of the land, and praying that he might be decreed to convey such title as he had acquired by the sheriff's sale. The bill further offered to pay to the Fishers the residue of the money due upon the contract, after deducting what had been paid by Gibson to the sheriff, and concluded with the prayer that he (Linch) might be quieted in his possession.
Gibson, in his answer, admitted that when he purchased from the sheriff he had notice of Linch's purchase from the Fishers; and offered to convey to Linch upon his paying him the money which Linch still owed for the land, which he claimed upon the ground that the sheriff's sale to him comprehended all the title and interest of the Fishers.
The Fishers then filed their cross-bill against Gibson and Linch, praying that an account might be taken of the purchase money; that Linch might be decreed to pay it to them, and receive a conveyance from them; and offering to pay Gibson the money he paid the sheriff, provided he was entitled to it.
The legal title to the land mentioned in the bill was in Daniel Fisher and his brother. The bond given to Linch to make title when the purchase money was paid transferred nothing at law; it only gave the complainant Linch an equitable title when the money was paid. The fi. fa. which issued from Salisbury Superior Court for the costs, in consequence of the Fishers having been nonsuited in their action against Gibson, legally covered the land. The sale and deed made by the sheriff on 16 February, 1806, to Gibson, transferred all right, title, and interest which the Fishers had in the lands. The cross-bill brought by B. Fisher and others against Gibson and Linch must be dismissed, (678) as they have no title either in law or equity.
In the other case I am of opinion, as Gibson purchased the land with full notice of the complainant's equity, he is not put in any better situation than the Fishers would have been, provided the execution and sale had not been made. Therefore, he should be decreed to convey to Linch on the payment of the money mentioned in the bond.
NOTE. — See Kay v. Webb, 5 N.C. 134; Freeman v. Hill, 21 N.C. 389;Dudley v. Cole, ibid., 429.
Cited: Tomlinson v. Blackburn, 37 N.C. 511; Barnes v. McCullers,108 N.C. 54.
Overruled: Tally v. Reed, 74 N.C. 464. *Page 484 
(679)